TRENK, DiPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.
347 Mount Pleasant Avenue
West Orange, NJ 07052
(973) 243-8600
Joseph J. DiPasquale (JD 3330)
Brian T. Crowley (BC 2778)
*Attorneys for Joseph J. Newman,
Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br>JOSEPH L. NORCIA,<br>　　　　　　　Debtor. | Case No. 09-39454 (MS)<br>Chapter 7 |
| JOSEPH J. NEWMAN, Chapter 7 Trustee,<br>　　　　　　　Plaintiff,<br>v.<br>SHARI NORCIA,<br>　　　　　　　Defendant. | Adv. Pro. No. 11-01005<br>Honorable Morris Stern<br><br>Hearing Date: June 27, 2011<br>Hearing Time: 12:00 p.m. |

### STATEMENT OF UNDISPUTED MATERIAL FACTS OF JOSEPH J. NEWMAN, CHAPTER 7 TRUSTEE, PURSUANT TO L. CIV. R. 56.1

Joseph J. Newman, Chapter 7 Trustee (the "Trustee"), in support of his Statement of Undisputed Material Facts Pursuant to L. Civ. R. 56.1, hereby states as follows:

1. On November 2, 2009, the Debtor filed his petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Docket No. 1 in *In re Joseph L. Norcia*, Case No. 09-39454 (MS) (the "Main Bankruptcy Case").

2. On or about June 11, 2010, the Debtor's case was voluntarily converted to one

under chapter 7 (the "Petition Date"). *See* Docket No. 34 in the Main Bankruptcy Case.

3. On or about June 14, 2010, Joseph J. Newman was appointed as Chapter 7 Trustee. *See* Docket No. 39 in the Main Bankruptcy Case.

4. The Debtor's primary asset is his interest in the Property and the instant adversary proceeding involves solely the sale of that Property. *See* Docket No. 19 in the Main Bankruptcy Case.

5. Prior to the Debtor's bankruptcy filing, VNB Mortgage Services, Inc. ("VNB"), which purportedly has a first mortgage lien on the Property, began foreclosure proceedings that was administered under *VNB Mortgage Services, Inc. v. Joseph L. Norcia and Shari L. Norcia, et al.*, Docket No. F-23172-07. A prepetition sheriff's sale for the Property was scheduled for November 2, 2009. *See* Docket No. 29 in the Main Bankruptcy Case.

6. On February 22, 2010, VNB filed its motion seeking relief from the automatic stay pursuant section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 (the "Lift Stay Motion"). *See* Docket No. 29 in the Main Bankruptcy Case.

7. Pursuant to documents submitted in further support of the Lift Stay Motion indicates that VNB has a first mortgage lien on the Property in the amount of $165,823.75 as of June 2010. Additionally, a comparative market analysis submitted by VNB in support of its Lift Stay Motion, the Property had a value of $355,000 as of June 2010. *See* Docket No. 46 in the Main Bankruptcy Case.

8. Soon after conversion of this proceeding from one under chapter 13 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code, the Trustee and VNB negotiated a consent order (the "Consent Order") resolving the Lift Stay Motion. *See* Docket No. 53 in the Main Bankruptcy Case.

9. On August 2, 2010, this Court entered the Consent Order. Among the provisions included in the Consent Order, was a provision that if the Trustee did not have a contract for sale on the Property prior to December 31, 2010, then VNB may make an application to vacate the automatic stay. *See* Docket No. 69 in the Main Bankruptcy Case.

10. On or about August 16, 2010, this Court entered an order granting the Trustee's application to employ, Coldwell Banker (the "Broker") as his real estate broker to market and sell the Property. *See* Docket No. 56 in the Main Bankruptcy Case.

11. The Broker determined that the fair market value of the Property is between $300,000 and $325,000. *See* Certification of *Joseph J. Newman* ("Trustee Cert."), ¶ 3

12. The Defendant currently resides at the Property. Defendant will not allow the Trustee or his Broker to assess the Property to market same. *See* Docket No. 1.

13. On January 3, 2011, the Trustee filed the within complaint (the "Complaint") seeking a sale of the Property pursuant to section 363(h) of the Bankruptcy Code and Bankruptcy Rule 7001(3). *See* Docket No. 1.

14. On January 5, 2011, VNB filed its certification of default of the terms of the Consent Order (the "VNB Certification"). The VNB Certification sought relief from the automatic stay provisions of the Bankruptcy Code as there was no contract for the sale of the Property as provided for in the Consent Order. *See* Docket No. 61 in the Main Bankruptcy Case.

15. On February 24, 2011, this Court entered an order (the "Lift Stay Order") granting the relief sought in the VNB Certification. The Lift Stay Order also provided the following relief: "It is further ORDERED that a Sheriff's Sale may be scheduled immediately but will not be conducted before June 15, 2011…. It is further ORDERED that the Trustee file a Motion to Reimpose the Automatic Stay if a Contract of Sale with no outstanding contingencies

and a firm closing date is fully executed by June 15, 2011." *See* Docket No. 69 in the Main Bankruptcy Case.

16. February 16, 2011, the Defendant filed her answer (the "Answer") to the complaint. *See* Docket No. 5. In the Answer, the Defendant admits she and the Debtor are the co-owners of the Property. The Defendant also admits that she will not allow the "the Trustee or his Broker to access the Property to market the same." *See* Docket No. 5, ¶ 14 and 16.

17. The Defendant also admits that the Property "is not used in the production, transmission, distribution, for sale of electric energy or of a natural or synthetic gas for heat, light or power." *See* Docket No. 5, ¶ 22.

18. Along with the general denials listed in the Answer, the Defendant also asserted certain affirmative defenses. Among the defenses asserted by the Defendant in her Answer is a blanket assertion that the value of her claim in a matrimonial proceeding will result in a 100% ownership interest in the Property. The Defendant also claims that pursuant to section 363(h) of the Bankruptcy Code, the benefit to the estate from the sale of the Property does not outweigh the detriment to her. The Defendant also disputed the market analysis obtained by the Trustee and argues that any equity to the estate is diminished due to the delinquency of mortgage payments on the Property. *See* Docket No. 5.

19. The Defendant does however, recognize the tentative and unliquidated nature its claim in the matrimonial proceeding and the estate's current interest in the Property. "[The Defendant] recognizes that her interest in equitable distribution is not final until entry of a judgment for divorce. In re Berlingeri, 246 B.R. 196 (Bankr. D.N.J. 2000). Thus the Plaintiff trustee retains rights with respect to the Debtor's interest in the Property." *See* Docket No. 5.

20. The Property consists of a single family residence therefore, it would be

impracticable to partition this property in kind. *See* Trustee Cert., ¶ 4.

21. A sale of the estate's undivided interest in this property would also realize less for the estate than a sale of the Property free and clear of the interests of co-owners. *See* Trustee Cert. ¶ 5.

                TRENK, DiPASQUALE, WEBSTER,
                DELLA FERA & SODONO, P.C.
                *Counsel to Joseph J. Newman, Chapter 7 Trustee*

         By:    /s/ Brian T. Crowley
                Brian T. Crowley

Dated: May 24, 2011
397648